## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS E. SATKIEWICZ,

      Plaintiff,                         Civil Action No. 11-cv-14370

      v.                             District Judge Julian Abele Cook
                                        Magistrate Judge Laurie J. Michelson

STATE OF MICHIGAN, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS (Dkt. 7)

      Plaintiff Thomas E. Satkiewicz, proceeding *pro se*, brought this 42 U.S.C. § 1983 civil rights case alleging that Defendants, the State of Michigan, the Michigan Department of Civil Rights, Governor Rick Snyder, Treasurer Andy Dillon, Attorney General Bill Schuette and Dr. Daniel Krichbaum violated his constitutional rights by dismissing two of his age discrimination complaints for insufficient evidence, and improperly investigating a third age discrimination complaint. (Dkt. 1, Compl.) Defendants move for dismissal on the grounds that Plaintiff's allegations are barred by the Eleventh Amendment, and fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 7, Defs.' Mot. Dismiss.) The Motion has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 10.)

1

Because the allegations of Plaintiff's Complaint are either barred by the Eleventh Amendment or fail to state a claim upon which relief may be granted, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

## I.   BACKGROUND

Plaintiff filed three separate age discrimination complaints with the Michigan Department of Civil Rights ("MDCR").  He filed a complaint against Comcast Cable on or about November 9, 2010.  (Dkt.7, Defs.' Mot. Dismiss at Ex. 3.)  This complaint is still under investigation.  (*Id*.) Plaintiff filed another complaint against Continental Automotive Group that the MDCR dismissed for insufficient evidence on March 21, 2011.  (*Id*. at Ex. 2.)  Plaintiff filed a third complaint against Oakland University that the MDCR dismissed for insufficient evidence on August 31, 2011.  (*Id*. at Ex. 1.)  Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by dismissing and improperly investigating these complaints.  (Dkt. 1, Pl.'s Compl.)

## II.   ANALYSIS

### A.  Legal Standards

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted."  When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face."  *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937, 1949 (2009) (internal quotation marks omitted).  In applying this rule to *pro se* plaintiffs, the Court is mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.  The Eleventh Amendment Bars Plaintiff's Suit against the State of Michigan and the Michigan Department of Civil Rights

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. Amend. XI.  This is an express limitation not only on suits against a state government by citizens of another state or citizens of a foreign country, but on suits against a state government by citizens of the same state. *Alabama v. Pugh*, 438 U.S. 781 (1978).  The Supreme Court holds that the Eleventh Amendment bars such suits.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  There are three exceptions to this bar:  1) if a state agency unequivocally consents to the suit; 2) if Congress has abrogated the states' immunity through statute; or 3) if the suit is seeking to enjoin a state official acting in his or her official capacity.  *Will*, 491 U.S. at 66; *Lawson v. Shelby County, TN*, 211 F.3d 331, 334-35 (6th Cir. 2000).  Notably, "[t]he State of Michigan has not consented to civil rights suits in the federal courts." *McFadden v. Comm'r of Soc. Sec.*, 5 F. App'x. 388, 390 (6th Cir. 2001)(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).  In addition, Congress has not abrogated the states' immunity for suits under 42 U.S.C. § 1983.  *Lawson*, 211 F.3d at 334-35.   As such, the Eleventh Amendment bars Plaintiff's suit against the State of Michigan and the MDCR. *See Erve v. Mich. Dept. of Civil Rights*, No. 11-12991, 2011 U.S. Dist. LEXIS 150933, at *6-7 (E.D. Mich. Nov. 30, 2011).

3

### C. Plaintiff Fails to State a Claim against Governor Rick Snyder, Attorney General Bill Schuette, Treasurer Andy Dillon and Dr. Daniel Krichbaum

In order to state a claim under 42 U.S.C. §1983, Plaintiff must establish that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citing *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)). The essence of Plaintiff's allegations appear to be that the MDCR inadequately investigated and dismissed his age discrimination claims in violation of the Equal Protection Clause. However, Plaintiff fails to state such a claim against the individual defendants because he presents *no facts* within his complaint regarding how Defendants Snyder, Shuette, Dillon and/or Krichbaum treated him differently than other MDCR claimants. (Dkt. 1, Pl.'s Compl.); *see also Parr v. Eubanks*, 21 Fed. App'x. 256, 257 (6th Cir. 2001) (citations omitted). Indeed, he does not even mention the individual defendants in his Complaint. (Dkt. 1, Pl.'s Compl.) Although Plaintiff may not have been satisfied with the MDCR's handling of his complaints, "there is nothing in the record to suggest that the [individual] defendants deprived Plaintiff of equal protection or any other federally protected right." *See Parr,* 21 Fed. App'x. at 258 (citations omitted). As such, his claim fails.

## III.   RECOMMENDATION

Because the allegations of Plaintiff's Complaint are either barred by the Eleventh Amendment or fail to state a claim upon which relief may be granted, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

## IV.   FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: May 29, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 29, 2012.

s/Jane Johnson
Deputy Clerk