UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS E. SATKIEWICZ,

           Plaintiff,

    v.

                                   Case No. 2:11-cv-14370

STATE OF MICHIGAN, *et al*.           Honorable Julian Abele Cook, Jr.

           Defendants.


<u>ORDER</u>

This case involves allegations by the pro se Plaintiff, Thomas E. Satkiewicz, who complains that the Defendants (State of Michigan, Michigan Department of Civil Rights ("MDCR"), Governor Rick Snyder, Michigan Attorney General Bill Schuette, Michigan Treasurer Andy Dillon, and the MDCR Director Daniel Krichbaum) violated his rights under the Equal Protection Clause of the Fourteenth Amendment by collectively failing or refusing to enforce the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws §37.2101 et seq., with respect to complaints of age discrimination in employment. He has  invoked the federal question jurisdiction of this Court pursuant to 28 U.S.C. §1331.

I.

This civil rights case arises from Satkiewicz' age discrimination complaints that he had filed with the MDCR against Oakland University of Rochester Hills (Complaint No. 420579), and the Continental Automotive System in Auburn Hills (Complaint No. 421869). and Comcast of Auburn

1

Hills (Complaint No. 419346).[1] On February 3, 2012, the Defendants filed a motion to obtain the dismissal of Satkiewicz' complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. This motion, along with Satkiewicz' response, was referred to Magistrate Judge Michelson, who thereafter issued the report which is now before this Court for consideration. In her report to the Court, Magistrate Judge Michelson concluded that (1) Satkiewicz' claims against the State Defendants and the MDCR were barred by the sovereign immunity provisions of the Eleventh Amendment, and (2) his accusations against the individual Defendants had failed to state any claims upon which relief could be granted. Therefore, it was her recommendation that this Court dismiss all of Satkiewicz' claims against the Defendants. Satkiewicz timely filed his objection to this report.

It is the responsibility of the Court to review *de novo* those parts of the report to which a specific objection has been made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). However, this Court is neither required to evaluate nor precluded from reviewing those portions of the report to which no objections have been filed. *See Thomas v. Arn*, 474 U.S. 140, 150-54 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings . . . .[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district court judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").

---

[1]The MDCR concluded that Satkiewicz' claims against Oakland University of Rochester Hills and Continental Automotive System in Auburn Hills (Complaint No. 421869) lacked sufficient evidence. As a consequence, his lawsuit was dismissed..On the other hand, his claims against Comcast remain under investigation.

II.

The Court is obliged to review Satkiewicz' claims against the State Defendants and the MDCR under the same standard of review that is applicable to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the attack on jurisdiction is a facial attack on the complaint - that is, if it is a challenge to the sufficiency of the pleading itself - the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). However, if the attack challenges the factual existence of subject matter jurisdiction, the presumption of truthfulness does not apply, and the court may look to the evidence outside the pleadings and resolve the factual disputes. *Id.* (when resolving factual challenge to subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" (citation omitted)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("In reviewing [such] motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." (citation  omitted)). Here, where the Defendants have challenged the factual existence of subject matter jurisdiction, the attack is factual.

Satkiewicz' claims against the remaining Defendants will be analyzed under the standard of review that is applicable to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must accept the plaintiff's well-pleaded

3

allegations as being true and is obliged to construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough  facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10©)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are

4

central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to a motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

Finally, in attempting to determine the merit, if any, of Satkiewicz' claims, this Court is fully aware of his status as a *pro se* litigant in this lawsuit and of its obligation to construe his pleadings liberally and to hold them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted be a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted"). However, this Court must not go so far as to create a claim for him. *See Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### III.

The Eleventh Amendment protects states from litigation in the federal court system because of the "problems of federalism inherent in making one sovereign appear against its will in the courts of the other." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As such, the Eleventh Amendment indicates that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S.

5

Const. amend. XI. Therefore, the Eleventh Amendment prohibits a federal lawsuit against a state or its agencies without its consent. *See e.g.*, *Alabama v. Pugh*, 438 U.S. 781 (1978). This prohibition extends to "suits brought by the State's own citizens." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997) (citation omitted). However, there are two circumstances wherein an individual can sue a state; to wit, (1) where the state consents to the lawsuit, or (2) where Congress authorizes such an action under its power to enforce the Fourteenth Amendment. *Coll. Sav. Bank v. Fla. Prepaid Post Secondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Contrary to Satkiewicz' claim, neither the State Defendants nor the MDCR (an agency of the State) have consented to being a party in this federal court civil law suit. . *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, this Court must look to see whether Congress has authorized such an action under its power to enforce the Fourteenth Amendment. Congress has validly abrogated a state's sovereign immunity under its power to enforce the Fourteenth Amendment as it pertains to specific litigation only when it has "unequivocally expresse[d] its intent to abrogate the immunity" and has "acted pursuant to a valid exercise of its power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (citations and internal quotation marks omitted). The State Defendants are correct when they argue that Congress has not abrogated the sovereign immunity of the states under the provisions of 42 U.S.C. § 1983, which forms the basis for Satkiewicz' claims in this lawsuit. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Therefore, Court does not have jurisdiction to address Satkiewicz' claims against the State of Michigan and/or the MDCR because they are squarely protected by state sovereign immunity under the Eleventh Amendment. As such, there was no error within the recommendation by Magistrate Judge Michelson's report who urged the Court to grant the Defendants' motion to dismiss pursuant

6

to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The Defendants also maintain that Satkiewicz has failed to state a claim upon which relief can be granted because he (1) failed to exhaust his administrative remedies with respect to the dismissed discrimination claims and (2) will have an adequate state remedy available should his still-pending claim be resolved unfavorably to him. This argument misses the point. Satkiewicz does not seek a judicial review of the MDCR's findings that his discrimination complaints lacked merit. Instead, he alleges that the MDCR discriminates against those persons who file age discrimination complaints and, in so doing, their actions violate the Equal Protection Clause of the Fourteenth Amendment.

Although the complaint does not specify whether the individual Defendants are being sued in their official or personal capacities, the Court notes that - in light of Satkiewicz' (1) requests for injunctive relief and monetary damages, and (2) specific reference to the *Ex parte Young* exception to sovereign immunity, it will assume that he intended to name them in both capacities.

Under the *Ex parte Young* exception, a plaintiff may avoid sovereign immunity issues by naming the relevant state official, in his official capacity, as the defendant. However, the available remedies under such a lawsuit are limited to declaratory and prospective injunctive relief. *Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002)  ("Under the doctrine developed in *Ex parte Young* and its progeny, a [lawsuit] that claims that a state official's actions violate the constitution or federal law is not deemed [to be an action] against the state, and so barred by sovereign immunity, so long as the state official is the named defendant and the relief sought is only equitable and prospective."); *see also Ex parte Young*, 209 U.S. 123 (1908). In such cases, monetary damages are not available, *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ernst v. Rising*, 427

7

F.3d 351, 358 (6th Cir. 2005), and must instead be sought from those defendants who are named in their personal capacities.

However, regardless of the capacities in which the individuals Defendants have been sued, the complaint in the case at bar fails to state a claim for an equal protection violation as to any of them.[2] In order to state a claim under § 1983, Satkiewicz must establish that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Bennet v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citing *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)).

In the case at hand, Satkiewicz alleges in his objection to the now-challenged report and recommendation that the individually named Defendants violated his federally protected rights by failing to address his grievances and treating victims of age discrimination differently than victims of fraud, rape, and robbery. Under the Equal Protection Clause of the Fourteenth Amendment, "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). However, Satkiewicz' allegations fail to establish that the Defendants deprived him of equal protection because he has not identified any disparate treatment compared to a similarly situated group. *See Parr v. Eubanks*, 21 Fed. App'x. 256, 257 (6th Cir. 2001). Victims of fraud, rape, and robbery - criminal offenses which are routinely investigated by the relevant police agency

---

[2] The Defendants briefly argue that Satkiewicz has failed to identify a legal basis for his claim because the complaint does not specifically reference § 1983. Such a reading of the complaint would be inconsistent with the obligation of the Court to construe pro se pleadings liberally. Under this circumstance, the Court will, and does, construes the complaint as having been brought pursuant to § 1983.

8

- are not similarly situated to victims of age discrimination - a statutory violation that is investigated by the relevant civil rights agency. Thus, disparate treatment - assuming that it existed - among these dissimilar classes by different agencies cannot form the basis of an equal protection claim. In his objection, Satkiewicz also alleges that the MDCR web site "promotes Arab-Americans, African-Americans, Asian-Americans, and etc. but not a thing promoting the employment of the older workers." (Objection at 2, ECF 15). While, arguably, individuals who file complaints with the MDCR on the basis of different protected categories could constitute similarly situated groups for the purposes of equal protection, Satkiewicz has not alleged any facts that would indicate that the MDCR as an agency or the individually named Defendants here treat complaints alleging discrimination on these other bases any differently than those claiming age discrimination. Therefore, he has failed to assert "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory," *Bishop*, 520 F.3d at 519, and his complaint must be dismissed.[3]

## IV.

For the foregoing reasons, (1) Satkiewicz' objections (ECF 15) to the report and recommendation are overruled; (2) the report and recommendation (ECF 12) is adopted; and (3) the Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (ECF 7) is granted. In light of this disposition, Satkiewicz' ex parte letter to the Court, which has

---

[3] Magistrate Judge Michelson correctly determined in her report and recommendation that complaint should be dismissed because it failed to allege any facts regarding how the individual Defendants treated him differently than other MDCR claimants. In his objection, Satkiewicz has set forth at least some facts regarding each Defendant. The Court has considered these newly-alleged facts in its analysis as if he had amended his complaint to include them, but they do not remedy the fundamental deficiencies of his complaint.

been construed as a motion to compel (ECF 16), is denied as being moot.

     IT IS SO ORDERED.

Date: August 31, 2012                      s/Julian Abele Cook, Jr.
                                            JULIAN ABELE COOK, JR.
                                            U.S. District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 31, 2012.

                                      s/ Kay Doaks
                                      Case Manager